UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INTEGRA AFFORDABLE MANAGEMENT, LLC, | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:24-CV-571 |
| | | JUDGE CHARLES E. FLEMING |
| Plaintiff, | | |
| vs. | | **MEMORANDUM OPINION AND ORDER** |
| KENNETH DUNHAM, | | |
| Defendant. | | |

### I. INTRODUCTION

Plaintiff Integra Affordable Management LLC brought an eviction action against Defendant Kenneth Dunham in Lyndhurst Municipal Court. (*See* ECF No. 1, PageID #13–14). Defendant, *pro se*, removed the case to federal court, asserting that his "constitutional rights were not being honored in Lyndhurst Municipal Court." (*Id*. at PageID #1). He cites to the "Bill of Exchange Act of 1882" and "Public Law 73-10" as the basis for removal. (*Id*.). Defendant also appears to allege that Plaintiff provided false information to credit reporting agencies, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and he "seeks justice from all securities fraud and tax evasion." (*Id*. at PageID #2). Plaintiff filed a motion to remand the case because the action does not involve a federal question and there is not diversity between the parties. (ECF No. 3). For the following reasons, the Court **GRANTS** Plaintiff's motion and **REMANDS** the matter to the Lyndhurst Municipal Court.

### II. STANDARD OF REVIEW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have

1

original jurisdiction over civil actions that arise under federal law under 28 U.S.C. § 1331, or civil actions that involve parties of diverse citizenship and exceed $75,000 in controversy under 28 U.S.C. § 1332. The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). A case must be remanded if it appears at any time that the district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Federal question jurisdiction under 28 U.S.C. § 1331 is present only when a federal question appears "on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Anticipated federal counterclaims and defenses are inadequate to confer federal jurisdiction and do not provide a basis for removal. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002) (finding that, pursuant to the well-pleaded-complaint rule, a counterclaim cannot serve as the basis for a federal court's "arising under" jurisdiction).

### III. DISCUSSION

Removal of this eviction action to federal court is not proper. Defendant does not argue that the Court has diversity jurisdiction, nor is there any evidence in the record that the Court has such jurisdiction. Plaintiff's eviction claim relies exclusively upon state law and does not contain a federal cause of action. (*See* ECF No. 3; ECF No. 1, PageID #13–14). Evictions do not necessitate the resolution of an "actually disputed and substantial" federal question. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (citing *Grable & Sons Metal*

*Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Although Defendant attempts to characterize the eviction as a violation of his rights under the U.S. Constitution, the alleged civil rights violation appears to be either a defense to the complaint or a counterclaim, neither of which would provide a basis for removal. *Holmes Group, Inc.*, 535 U.S. at 831; *Barnhart v. Ebron*, No. 3:15-CV-2712, 2016 WL 106279, at *1 (N.D. Ohio Jan. 11, 2016) (finding that defendant tenant's assertions of constitutional violations were, at best, defenses he could assert in the eviction action). Likewise, to the extent Defendant claims a violation of the "Bill of Exchange Act of 1882," "Public Law 73-10," the FCRA, or securities fraud and tax evasion, such claims would be asserted as defenses or counterclaims to the underlying eviction and are not sufficient to confer federal jurisdiction.

## IV. CONCLUSION

Defendant has not established diversity jurisdiction or federal question jurisdiction. The Court therefore lacks subject matter jurisdiction over this removed action. For these reasons, the Court **GRANTS** Plaintiff's motion to remand (ECF No. 3) and **REMANDS** this action to the Lyndhurst Municipal Court. The Court denies Plaintiff's request for costs and attorney fees.

**IT IS SO ORDERED.**

Date: June 7, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

3